**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBIN BOUEY,

        Plaintiff,

v.          Case No. 6:14-cv-48-Orl-37GJK

ORANGE COUNTY SERVICE UNIT,

        Defendant.

**ORDER**

This cause is before the Court on the Defendant's Motion to Stay Proceedings Pending Determination of Its Motion for Final Summary Judgment (Doc. 40) and Plaintiff's Motion for Extension of Time to File Affidavit in Opposition to Defendant's Motion for Final Summary Judgment (Doc. 54). Both motions relate to Defendant's pending Motion for Final Summary Judgment, in which it contends, *inter alia*, that Plaintiff failed to exhaust her administrative remedies prior to filing this Title VII and ADEA suit. (*See* Doc. 36, pp. 10–15.)

With respect to the Motion to Stay, Defendant requests that the Court stay discovery in this action pending resolution of its motion for summary judgment. (*See* Doc. 40, ¶¶ 5–7.) "Matters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). Upon consideration, the Court declines to stay discovery in this case, and thus Defendant's Motion to Stay (Doc. 40) is **DENIED**.

As to the Motion for Extension, Plaintiff requests leave to supplement her response to Defendant's Motion for Final Summary Judgment with evidence rebutting Defendant's

assertions that it employs fewer than fifteen people and that Plaintiff did not timely file this suit. (*See* Doc. 54, ¶ 7.) Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

If in response to a motion for summary judgment "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(1). Here, Plaintiff has not adequately supported her assertion that she did not receive the EEOC's August 23, 2012 right-to-sue ("RTS") letter until November 5, 2014. (*See* Doc. 43-8, ¶ 15; Doc. 37-10.) Given the dispositive nature of the issue and the fact that Defendant filed its motion for summary judgment at an unusually early stage in this litigation, the Court will permit Plaintiff to supplement her response pursuant to Rule 56(e)(1).

Accordingly, the Motion for Extension (Doc. 54) is **GRANTED** with respect to Plaintiff's request to file additional evidence in support of her contention that she timely filed this suit. (*See id.* ¶ 7.) On or before **Monday, September 29, 2014**, Plaintiff may file an affidavit detailing: (1) all communications that she had with the EEOC concerning charge number 15F-2012-00185; (2) the circumstances surrounding her receipt of the RTS letter; (3) any efforts she undertook to monitor the EEOC proceedings; and (4) whether any other *specific* evidence exists or could be reasonably uncovered through discovery that would indicate "that her failure to receive an RTS letter was in no way her fault." *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). The affidavit may not exceed five (5) pages in length. Plaintiff may attach supporting exhibits to the affidavit, so long as the exhibits are labeled and Plaintiff provides pinpoint citations to the

relevant information contained therein—that is, citations to the precise page of the precise exhibit supporting an assertion contained in the affidavit. In all other respects, Plaintiff's Motion for Extension (Doc. 54) is **DENIED**. Plaintiff is not to address in her affidavit the issue of whether Defendant employed fifteen or more employees during the period relevant to her claims.

The Court will take Defendant's dispositive Motion for Final Summary Judgment (Doc. 36) under advisement on Tuesday, September 30, 2014. Further requests to supplement the filings will not be granted absent extraordinarily good cause.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 23, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Party